UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **HARLEN ROY LAMONT ZIRKER** ] | | |
| Petitioner, ] | | |
| ] | | |
| v. ] | No. 3:10-1044 | |
| ] | Judge Trauger | |
| **BRUCE WESTBROOKS, WARDEN** ] | | |
| Respondent. ] | | |

### M E M O R A N D U M

The petitioner, proceeding *pro se*, is an inmate at the Turney Center Industrial Prison in Only, Tennessee. He brings this action pursuant to 28 U.S.C. § 2254 against Bruce Westbrooks, Warden of the prison, seeking a writ of habeas corpus.

### I. BACKGROUND

In April, 2003, a jury in Davidson County found the petitioner guilty of child rape (2 counts) and aggravated sexual battery (4 counts). Docket Entry No.28-1 at pg.2. For these crimes, he received an aggregate sentence of seventy two (72) years in prison. Docket Entry No.28-2.

On direct appeal, the Tennessee Court of Criminal Appeals affirmed the convictions and sentences. State v. Zirker, 2005 WL 1122646 (Tenn.Crim.App. 2005). The Tennessee Supreme Court subsequently rejected the petitioner's application for further

review.

On August 16, 2006, the petitioner filed a *pro se* petition in the Criminal Court of Davidson County seeking post-conviction relief. He voluntarily withdrew the petition on April 7, 2009. Docket Entry No.29 at pg.2. Six weeks later (May 19, 2009), the petitioner filed a second *pro se* petition for post-conviction relief. *Id.* The trial court summarily denied this petition for being both successive and untimely. Tenn. Code Ann. § 40-30-102(a) and (c). On appeal, the Tennessee Court of Criminal Appeals affirmed the denial of post-conviction relief. Zirker v. State, 2010 WL 3528989 (Tenn.Crim.App. 2010).

## II. PROCEDURAL HISTORY

On October 28, 2010, the petitioner filed the instant petition (Docket Entry No.1) for federal habeas corpus relief.[1] From the petition, the Court gleans seven claims for relief. These claims include

>  (1)  the petitioner was denied the effective assistance of counsel;
>
>  (2)  the evidence was insufficient to support the convictions;

---

[1] A pleading from a prisoner is considered filed on the date that it is given to prison officials for posting. Houston v. Lack, 487 U.S. 266 (1988). The petition was received by the Court on November 1, 2010. However, the petitioner has averred that he placed the petition in the prison postal system on October 28, 2010. Docket Entry No.1 at pg.26. Therefore, the earlier date is deemed to be the date that the petition initiating this action was filed.

2

(3) the trial judge erred by not preventing the prosecution from using a prior conviction against the petitioner for impeachment purposes;

(4) the trial judge should have dismissed two potential jurors for cause;

(5) the trial judge erred when he sentenced the petitioner;

(6) prosecutorial misconduct occurred during closing arguments; and

(7) it was error to summarily dismiss the petitioner's second post-conviction petition.

Upon its receipt, the Court reviewed the petition and determined that it stated a colorable claim for relief. Accordingly, an order (Docket Entry No.4) was entered directing the respondent to file an answer, plead or otherwise respond to the petition. Rule 4, Rules - - § 2254 Cases.

Presently pending before the Court are the respondent's Motion to Dismiss (Docket Entry No.27) and the petitioner's Reply to the Motion to Dismiss (Docket Entry No.29). Having carefully considered these pleadings and the record, it appears that an evidentiary hearing is not needed in this matter. *See* Smith v. United States, 348 F.3d 545, 550 (6th Cir. 2003)(an evidentiary hearing is not required when the record conclusively shows that the petitioner is entitled to no relief). Therefore, the Court shall dispose of the petition as the law and justice require. Rule 8, Rules - - § 2254 Cases.

3

## III. MOTION TO DISMISS

The respondent asserts that the petition should be dismissed as untimely. There is a one year period of limitation placed on the filing of § 2254 petitions. Thus, a prisoner in custody pursuant to the judgment of a state court has one year from the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" in which to file his petition for federal habeas corpus relief. 28 U.S.C. § 2244(d)(1)(A).[2] The time for seeking direct review has been held to include the ninety (90) day period during which a criminal defendant can petition the United States Supreme Court for a writ of certiorari. Isham v. Randle, 226 F.3d 691, 695 (6th Cir. 2000).

The petitioner was found guilty on April 10, 2003. The direct review of his convictions by the state courts was concluded on October 31, 2005, the date the Tennessee Supreme Court denied petitioner's application for discretionary review. The ninety day period during which the petitioner could have sought a writ of certiorari from the United States Supreme Court concluded on January 29, 2006. As a consequence, the petitioner had one year from this date, or until January 29, 2007, in which to initiate the instant action.

---

[2] 28 U.S.C. § 2244(d) actually provides that the limitation period begins to run from the latest of four dates, one of which is the date the judgment became final. The other three potential dates do not apply in this case.

4

On August 16, 2006, after one hundred ninety nine (199) days had elapsed, the petitioner filed a *pro se* petition for state post-conviction relief.[3] A "properly filed" application for state post-conviction or other collateral review has the effect of tolling the one year limitation period for as long as the collateral proceedings remain pending in the state courts. 28 U.S.C. § 2244(d)(2). The state post-conviction proceedings remained pending until the petitioner voluntarily withdrew his petition before final disposition on April 7, 2009.[4] Therefore, the petitioner had one hundred sixty six days (365 days - 199 days) from that date, or until September 20, 2009, in which to initiate this action.[5] Scott v. Collins, 286 F.3d 923,926 (6th Cir.2002)(limitation period resumes at the point where it was tolled rather than starting anew).

Six weeks later, the petitioner filed a second post-conviction

---

[3] The 199 days are computed as follows: 2 days (1/30-1/31/06) + 28 days (2/06) + 31 days (3/06) + 30 days (4/06) + 31 days (5/06) + 30 days (6/06) + 31 days (7/06) + 16 days (8/1 - 8/16/06) = 199 days.

[4] In the opinion rendered by the Tennessee Court of Criminal Appeals affirming the summary denial of petitioner's second post-conviction petition, that court cited two different dates for the withdrawal of petitioner's original post-conviction petition. Out of an abundance of caution, the Court is using the later date to calculate the timeliness of this action. *See* Zirker v. State, 2010 WL 3528989 at pgs.1 (3/20/09),3 (4/7/09).

[5] The 166 days are computed as follows: 23 days (4/8-4/30/09) + 31 days (5/09) + 30 days (6/09) + 31 days (7/09) + 31 days (8/09) + 20 days (9/1-9/20/09) = 166 days.

petition that was dismissed as both successive and untimely. Zirker v. State, 2010 WL 3528989 (Tenn.Crim.App. 2010). An untimely post-conviction petition is not considered "properly filed" within the meaning of § 2244(d)(2) and has no tolling effect on the limitation period. Pace v. DiGuglielmo, 125 S.Ct. 1807 (2005)(a state post-conviction petition, rejected by the state courts as untimely, was not "properly filed" so as to toll the running of the limitation period, even though the petition had been accepted and reviewed on the merits). Accordingly, this action is untimely because the petitioner neglected to seek federal habeas corpus relief prior to the September 20, 2009 deadline.

### IV. EQUITABLE TOLLING

The period of limitation, however, does not act as a jurisdictional bar. Thus, the one year limitation period is subject to equitable tolling in appropriate circumstances. Dunlap v. United States, 250 F.3d 1001, 1004 (6th Cir.), *cert. denied* 534 U.S. 1057 (2001).[6] The doctrine of equitable tolling, though, should be applied sparingly. *Id.* at pg.1008.

The petitioner bears the burden of showing that he is entitled to an equitable tolling of the limitation period. McClendon v. Sherman, 329 F.3d 490 (6th Cir.2003). To invoke equitable tolling,

---

[6] Dunlap involves the equitable tolling of the limitation period for the filing of a motion pursuant to 28 U.S.C. § 2255. Its holding, however, was made applicable to "..... habeas and all other cases....". Dunlap at pg.1009.

the petitioner must show that he exercised reasonable diligence in bringing his claims to this Court in a timely manner. Baldwin County Welcome Center v. Brown, 104 S.Ct. 1723, 1726 (1984).

In his Reply to the Motion to Dismiss (Docket Entry No.29), the petitioner suggests that the delay in filing this action is due to his *pro se* status and ignorance of the law. However, a prisoner's *pro se* status and ignorance of the law are wholly insufficient to excuse petitioner's failure to initiate this action in a timely manner. *See* Williams v. Lockhart, 873 F.2d 1129, 1130 (8th Cir.), *cert. denied* 110 S.Ct. 344 (1989). The Court has found no legitimate grounds upon which to justify the tolling of the statute of limitation in this case. Consequently, the limitation period that had already expired prior to the filing of this action is not subject to equitable tolling.

## V. CONCLUSION

For the reasons set forth above, the Court finds that this action was brought in an untimely manner. Respondent's Motion to Dismiss, therefore, has merit. The Motion shall be granted and this action will be dismissed. Rule 8(a), Rules --- § 2254 Cases.

An appropriate order will be entered.

_____
Aleta A. Trauger
United States District Judge